OPINION
{¶ 1} Father-appellant Michael Howard ("Howard") brings this appeal from the judgment of the Court of Common Pleas of Seneca County, Juvenile Division denying his motion for custody or, in the alternative, for extended visitation.
 {¶ 2} On April 26, 1997, Audrianna Roose ("Audrianna") was born to Howard and Michelle Siebeneck ("Siebeneck"). Custody was given to Siebeneck with visitation granted to Howard by the Juvenile Court of Hancock County. Siebeneck repeatedly refused to allow Howard to exercise visitation and numerous contempt motions were filed. In 2001, Howard moved to Mississippi and had no contact with Audrianna. On August 12, 2004, Audrianna and her siblings were removed from Siebeneck's home due to allegations of neglect and abuse. Audrianna has not had an easy transition to the foster care system and has several instances of inappropriate behavior. During this time the Seneca County Department of Job and Family Services ("SCDJFS") learned that Audrianna had been sexually abused as well as neglected. This has led to several instances of inappropriate sexual behavior by the child as well as aggressive behavior towards younger children.
 {¶ 3} In January 2005, Howard returned to Ohio from Mississippi and began reestablishing his relationship with Audrianna through visitation. Howard currently resides in Ohio with his wife of five years, his 15 year old stepson, his 10 year old daughter, and his 9 month old son. In April 2005, a review of Audrianna's case plan was held. Howard was present at the review but was unable to obtain custody of Audrianna due to being incarcerated for driving under suspension. On August 22, 2005, Howard filed a motion for custody or for extended visitation in the alternative. This motion was heard on December 7, 2005. On December 15, 2005, the trial court denied Howard's motion for the time being, ordered the case plan modified to include services for Howard and his family, and set the matter for further review on June 7, 2006. Howard appeals from this judgment and raises the following assignments of error.
The trial court erred in finding by clear and convincingevidence that placement with [Howard] would not be in the bestinterests of Audrianna at this time.
 The trial court erred in finding by clear and convincingevidence that expanded visitation with [Howard] would not be inthe best interests of Audrianna.
 {¶ 4} Before reaching the assignments of error, this court must first determine if this matter is a final order subject to appellate review. This is an expedited case concerning the trial court's denial of a motion to grant custody of Audrianna to Howard, thus terminating the temporary custody of SCDJFS.
Appellate courts have jurisdiction to review the final ordersor judgment of inferior courts in their district. * * * ThisCourt has previously addressed the issue of whether a motionrequesting the termination of temporary custody is a final orderin In re Kinstle. * * * In Kinstle, we held thatalthough a motion denying the termination of temporary custody isa special proceeding, it does not affect a substantial right andis thus not a final appealable order.
 In re Tartt, 3rd Dist. No. 8-02-20, 2003-Ohio-1026 at ¶ 10 (citations omitted). The denial of a motion for the termination of temporary custody is interlocutory in nature and thus not appealable at this time.
 {¶ 5} Accordingly, the judgment appealed is not a final order subject to appeal and the instant appeal must be dismissed for lack of jurisdiction.
Appeal dismissed.
 Rogers and Cupp, JJ., concur.